IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-54,071-03






EX PARTE JOHN LEZELL BALENTINE









ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS
AND MOTION FOR STAY OF EXECUTION

FROM CAUSE NO. 39,532-D IN THE 320TH JUDICIAL DISTRICT COURT

POTTER COUNTY




 Per Curiam. Price, J., issued a dissenting statement which Johnson and
Alcala, JJ., join.


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

 In April 1999, a jury found applicant guilty of the offense of capital murder. The jury
answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article
37.071, and the trial court, accordingly, set applicant's punishment at death. This Court
affirmed applicant's conviction and sentence on direct appeal. Balentine v. State, 71 S.W.3d
763 (Tex. Crim. App. 2002). Applicant filed his initial post-conviction application for writ
of habeas corpus in the trial court on January 22, 2001. This Court denied relief. Ex parte
Balentine, No. WR-54,071-01 (Tex. Crim. App. Dec. 4, 2002)(not designated for
publication). Applicant filed his first subsequent application for writ of habeas corpus in the
trial court on August 21, 2009. This Court dismissed that application and denied applicant's
request to reconsider his initial application. Ex parte Balentine, Nos. WR-54,071-01 and
WR-54,071-02 (Tex. Crim. App. Sept. 22, 2009)(not designated for publication). Applicant
filed this his second subsequent application in the trial court on June 13, 2011.

 Applicant presents two allegations in his application. In the first allegation, he asserts
that his initial state habeas counsel performed deficiently in preparing his writ application. 
In his second allegation, applicant asserts that he was deprived of his Sixth Amendment right
to effective assistance of trial counsel when his trial attorneys failed to conduct a proper life
history investigation in preparation for the penalty phase of his trial. We have reviewed the
application and find that applicant's allegations fail to satisfy the requirements of Article
11.071 § 5. Accordingly, applicant's application is dismissed, and his motion to stay his
execution is denied. 

 IT IS SO ORDERED THIS THE 14th DAY OF JUNE, 2011.


Do Not Publish